

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| CYNTHIA REEVES, | § |
| Plaintiff, | § § § |
| vs. | §  CIVIL ACTION NO. 9:05-2388-HFF-GCK |
| JO ANNE B. BARNHART, Commissioner of Social Security, | § § § § |
| Defendant. | § |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND AFFIRMING DEFENDANT'S DECISION

**I.    INTRODUCTION**

This is a Social Security action.  This matter is before the Court for review of the United States Magistrate Judge's Report and Recommendation (Report) suggesting that Defendant's decision to deny Plaintiff disability insurance benefits (DIB) be affirmed.  The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

**II.    THE REPORT**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 17, 2006; and Plaintiff filed her objections to the Report on July 31, 2006. Plaintiff essentially reargues her position to this Court, an argument that has already been rejected by the Magistrate Judge. Nevertheless, in an abundance of caution, and in the interest of justice, the Court will briefly address the objections below.

### III.    PLAINTIFF'S OBJECTIONS[*]

   *A.    Treating Physician*

Plaintiff first argues that the "Magistrate Judge erred in agreeing with the ALJ [Administrative Law Judge] that Plaintiff's treating physician's opinion that Plaintiff was disabled from a mental standpoint should not be accorded controlling weight." (Pl.'s Objs. 1.) The Court disagrees.

As noted by the Magistrate Judge, the "ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." (Report 12 (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).) In the case at bar, and as enumerated by the Magistrate Judge in his comprehensive and well-reasoned Report, the ALJ was presented with such contrary evidence. Therefore, the Court finds the ALJ's failure not to give the treating physician's opinion controlling weight to be appropriate.

---

[*]For a recitation of the relevant factual and procedural history, the reader is directed to the Report.

*B.     Subjective Complaints*

Plaintiff also contends that the "Magistrate Judge erred in agreeing with the ALJ that Plaintiff's subjective complaints were only partially credible." (Pl.'s Objs. 3.) The Court is unpersuaded.

The Court has made a de novo review of the record and has determined that the ALJ appropriately took into account the inconsistencies between Plaintiff's testimony and the other evidence in the record in assessing the credibility of her subjective complaints. Therefore, the Court finds that reversal on this issue would be improper.

*C.     Plaintiff's Hypothetical*

Lastly, Plaintiff maintains that "the Magistrate Judge erred in not giving credibility to the hypothetical posed by Plaintiff's counsel to the VE [Vocational Expert] at Plaintiff's hearing." (Pl.'s Objs. 5.) The Court is unconvinced.

"[T]he mere fact that Plaintiff, through counsel, posed a . . . hypothetical question that specifically included certain limitations which would preclude the jobs cited by the VE does not render those limitations credible with respect to Plaintiff, and likewise does not make them binding upon the ALJ." (Report 21 (citation omitted).) Accordingly, the Court will overrule this objection.

**IV.     CONCLUSION**

While it may be true that, were the Court conducting a de novo review of the record, it would come to a different conclusion than did the ALJ, it is not the province of this Court to make such a judgment. Instead, the Court must look to determine whether the correct law was applied and

whether substantial evidence supports the ALJ's finding. Having carefully reviewed the record before it, the Court answers each of these two questions in the affirmative.

Accordingly, after a thorough review of the Report and the objections pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that the decision of the Commissioner must be **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 12th day of September, in Spartanburg, South Carolina.

> s/ Henry F. Floyd
> HENRY F. FLOYD
> UNITED STATES DISTRICT JUDGE